UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
JUSTIN HARRIS,

                Plaintiff,

    -- against --

THE CITY OF NEW YORK,

                Defendants.
-------------------------------------------------------- x

**MEMORANDUM OF DECISION**

09 CV 2996 (RJD) (SMG)

DEARIE, District Judge.

Plaintiff Harris, now proceeding *pro se*, alleges that he was assaulted by various corrections officers on two separate occasions while an inmate at the Rikers Island Correctional Complex. For the following reasons, defendant's motion for summary judgment is granted, and plaintiff's request to reinstate claims against the individual corrections officers is denied.

### I. BACKGROUND

A.  Factual Allegations

Plaintiff was detained at Rikers Island between September 2007 and July 2011.  He alleges that on July 8, 2008, a "probe team" of corrections officers forcibly extracted him from his cell and assaulted him.  Compl. ¶¶ 18, 22-24.  According to plaintiff, he was pinned by the cell door during the extraction, injuring his hand and wrist.  Id. at ¶ 22.  He also claims that the corrections officers punched him in the face several times before restraining him and slammed his face into the ground repeatedly while he was rear-cuffed on the floor.  Id. at ¶¶ 23-24.  Plaintiff was then moved to a clinic, where several officers struck him with their helmets on his face, back, and neck.  Id. at 25.  Plaintiff also alleges, without providing much detail, that he was assaulted by corrections officers again on October 24, 2008.  Id. at ¶¶ 27-30.

B.  Procedural History

On July 14, 2009, plaintiff filed a complaint against the City of New York, the New York

City Department of Corrections, and several individual corrections officers, bringing claims

under 42 USC §§ 1983, 1985 and 28 U.S.C. §§ 1331 and 1343. However, at a pre-motion

conference on February 8, 2012, it came to light that plaintiff's counsel had never served the

individual corrections officers.  Counsel admitted on the record that the failure was an oversight,

stating, "[i]t just got away from me at the time."  Apr. 25, 2012 Tr. at 6, Docket Entry 29.

Consequently, this Court dismissed the claims against the officers, as well as the meritless claim

against the New York Department of Corrections, and converted defendant's pre-motion

conference letter to a motion for summary judgment.  See Def. Mot. 1st, Def. Mot. 2d; Order

dated Feb. 8, 2012.

Plaintiff proceeds *pro se* against the City of New York after his application to do so was

granted and his motion for appointment of counsel was denied.  Order by Judge Gold (June 19,

2012).  He has not responded to defendant's motion for summary judgment on his claim against

the City, but seeks to amend his complaint to reinstate claims against the individual corrections

officers.

## II. DISCUSSION

A.  Standard of Review

Summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "is

warranted when, after construing the evidence in the light most favorable to the nonmoving party

and drawing all reasonable inferences in its favor, there is no genuine issue as to any material

fact." Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir. 2009) (citing Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247-50, 255 (1986)). "It is the movant's burden to show that no genuine factual

2

dispute exists . . . [and] where the movant 'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented.'" Giannullo v. City of New York, 322 F.3d 139, 140-41 (2d Cir. 2003) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970)). If the movant does carry its burden, the party opposing summary judgment must set forth evidence demonstrating a genuine issue for trial, and may not rely only on allegations in its pleadings. Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). "[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

B. Municipal Liability

Plaintiff seeks to hold the City of New York liable for the alleged actions of individual corrections officers.  A municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).  "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Jones, 691 F.3d at 80 (citing Monell, 436 U.S. at 691).  Moreover, isolated acts of excessive force by non-policymaking municipal employees are generally not sufficient to justify municipal liability. Jones, 691 F.3d at 81; Villante v. Dep't of Corr., 786 F.2d 516, 519 (2d Cir. 1986).

In this case, the record is "barren of specific evidence demonstrating the existence of a municipal policy or custom such as would satisfy [Plaintiff's] burden." Webster v. City of New York, 333 F.Supp.2d 184, 207 (S.D.N.Y. 2004); Brandon v. City of New York, 705 F.Supp.2d 261, 276-77 (S.D.N.Y. 2010) (granting summary judgment for the City where plaintiff has put

3

forth no relevant evidence to support his <u>Monell</u> claim).  Plaintiff relies solely on his own experience with individual corrections officers on two isolated occasions, the second of which is suspiciously lacking in detail. In fact, his former counsel acknowledged that beyond plaintiff's own testimony, he "[does not] have much else" to prove the City's liability.  Order by Judge Gold (June 19, 2012); Feb. 8, 2012 Tr. at 3, Docket Entry 31.

Even if plaintiff were to establish the City's failure to train, supervise or discipline its employees, it must rise to the level of deliberate indifference.[1]  <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-89 (1989); <u>Walker v. City of New York</u>, 974 F.2d 293, 297-98 (2d Cir. 1992). Here, plaintiff makes only unsubstantiated inferences regarding the failure to train based on his limited experience. To allow evidence of a single occurrence to establish a municipal policy of failing to properly train and supervise, without any proof regarding the nature of the training itself, would "unduly threaten [a municipality's] immunity from respondeat superior liability." <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 830 (1985); <u>Neighbour v. Covert</u>, 68 F.3d 1508, 1512 (2d Cir.1995) ("The mere allegation that the municipality failed to train its employees properly is insufficient to establish a municipal custom or policy.").

Accordingly, defendant's motion for summary judgment as to plaintiff's municipal liability claim is GRANTED.

C.    Plaintiff's Motion for Reconsideration

Plaintiff also seeks reconsideration of this Court's decision to dismiss the claims against the individual corrections officers, who had not been served two and a half years after the filing

_____

[1] To prove "deliberate indifference," which plaintiff does not so much as attempt here, plaintiff must demonstrate that: (1) "a policymaker knows 'to a moral certainty' that [his or] her employees will confront a given situation"; (2) "the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "the wrong choice by the [municipal] employee will frequently cause the deprivation of a citizen's constitutional rights." <u>Walker v. City of New York</u>, 974 F.2d 293, 297-98 (2d Cir.1992) (internal quotations and citations omitted).

4

of the complaint. <u>See</u> Fed. R. Civ. P. 54 (b).[2] This Circuit has clearly ruled that attorney error in calculating the 120-day period for service of process does not constitute good cause for an extension of time to serve. <u>Counter Terrorist Group U.S. v. New York Magazine</u>, 374 Fed.Appx. 233, 235 (2d. Cir 2010).

Accordingly, plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 28, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[2] Usually earlier decisions may not be changed unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." <u>Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 332 F.3d 147, 167 (2d Cir. 2003) (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)). None of these circumstances exists in this case.